Steven Wayne Bonilla, J-8500
California medical Facility
P.O. Box 2000, Vacaville CA 95696

FILED
SEP 25 2025
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [initials] DEPUTY

United States District Court
Southern District of California

| | |
|---|---|
| Steven Wayne Bonilla,<br>Plaintiff/Petitioner,<br>-v-<br>Alameda County,<br>Prosecutor Jon Goodfellow,<br>and Inspector John Whitson,<br>Defendants.<br>In re: Case No. H-12210-A | Case no. '25CV2583 RBM VET<br>Request for Expedited Review Due to Unlawful Custody, No Lawful Jurisdiction to continue Plaintiff's Incarceration. Plaintiff's Request and Respectfully Demands, showing good cause herein this entitled case and cause for release of Plaintiff from unlawful custody forthwith pursuant to [Ex parte Bain, 121 US 1, 3]. Plaintiff's material facts presented herein are [new] material facts, never having been adjudicated in any Court of Law. Defendants have been given a written Request to Admit the Truth, pursuant to Rule 36 of the Federal Rules of Civil Procedure, have refused/failed to respond in any way. Wherefore, as a matter of Law, Defendants have by their refusals to defend, have acquiesced and ADMITTED as true and correct all of Plaintiff's claims and allegations against them. |

This submission is NOT a habeas corpus. "It is a Demand for release pursuant to Ex parte Bain, 121 US 1, 3. NO LAWFUL JURISDICTION".

I

Introduction

Plaintiff Bonilla comes before this Honorable Court requesting and respectfully demands pursuant to good cause having been shown by verified new material facts herein, his release from unlawful

custody forthwith. The release is supported and clarified by established matters of (NO SUBJECT MATTER JURISDICTION NOR LAWFUL JURISDICTION OF PERSON). Plaintiff Bonilla has diligently sought relief from this gross miscarriage of justice and after written request to admit the truth, pursuant to Rule 36 of the Federal Rules of Civil Procedure, defends have refused/failed to respond and defend against Plaintiff's verified claims and allegations that the arrest warrant was obtained by false information. There is no federal grand jury subpoena for the Petitioner's records, that was served by the FBI, as falsely and fraudulently claimed on page 36 of the arrest warrant affidavit to produce probable cause for the arrest. (See Exhibit A). The defendants have refused to defend themselves, because they know, that they can not produce nor show that the federal grand jury subpoena for the Petitioner's records "EVER EXISTED." The Defendants have acquiesced/admitted and accepted all claims-accusations-allegations against them as true and accurate.

Which deprives the State and Federal Courts of subject matter jurisdiction, as well as personal jurisdiction over Plaintiff; calling for, and demanded by law, his release from his unlawful custody forthwith, pursuant to [Ex parte Bain, 121 US 1, 3].

II

-LEGAL ARGUMENT- SUPPORTED BY VERIFIED DECLARATION-

-DEMANDING RELEASE FROM UNLAWFUL INCARCERATION-

In Federal Court, Case No. C-02-0636 MHP, the FBI was ordered to produce the federal grand jury subpoena for the Petitioner's records, and prove that they served it and obtained the Petitioner's records. However, the FBI "ADMITTED," under Oath, that the federal

grand jury subpoena NEVER EXISTED. (See Exhibit A). Thus, proving that the arrest warrant was obtained by false information. Which deprived the State/Federal Courts of subject matter jurisdiction, as well as personal jurisdiction over Plaintiff Bonilla. Which calls for, and demanded by law, his release from false imprisonment forthwith.

III

-LEGAL ARGUMENT, IN BRIEF, SUPPORTING RELEASE FROM CUSTODY-

Plaintiff contends, as a matter of law, the State of California has always recognized that "Subject Matter Jurisdiction is a fundamental requirement for judicial consideration of claims". [171 Cal. Rptr. 3d 111, 117]. The adequacy of the Courts' Subject Matter Jurisdiction must be addressed whenever that issue comes to the Court's attention. [154 Cal. Rptr. 357, 361]. As here, Plaintiff claims NO SUBJECT MATTER JURISDICTION. No jurisdiction exist because there is no federal grand jury subpoena to support subject matter. (See also Code of Civil Procedure §1916, impeachment of the record for cause of fraud upon the court, and Code of Civil Procedure §1917, Jurisdiction necessary for a judgment. The impeachment of the record for FRAUD nullifies and makes any and all jurisdiction void.

It has been clearly established since the adoption of the U.S. Constitution, that the absence of Subject Matter Jurisdiction requires the Petitioner's discharge during any proceedings. And as the Court explained long ago in [Ex parte Bain, 121 US 1, 3] (1887) that if it shall appear that the Court had NO JURISDICTION to render the judgment, which it gave, and under which the Petitioner is held in prison, it is within the power and it WILL BE THE DUTY

of the court to order his discharge.

IV

- Unlawful Acts -

Inspector John Whitson falsely and fraudulently claimed on page 36 of his arrest warrant affidavit that the probable cause for the Petitioner's arrest had been obtained by the FBI having served a federal grand jury subpoena for the Petitioner's records. A subpoena that he knew NEVER EXISTED (See Exhibit A).

Prosecution Jon Goodfellow used/presented evidence being the fruit of a federal grand jury subpoena to obtain the Petitioner's conviction, that he knew NEVER EXISTED. And gave the Petitioner a fraudulent federal grand jury subpoena to decieve him of the truth, that there was no such subpoena.

Pursuant to CRC § 4,551 (d), the defendants have admitted to Plaintiff's claims and allegations, as true and correct, that NO Jurisdiction of Subject Matter, nor of person existed.

Relief Requested / Respectfully Demanded

Plaintiff is entitled to Relief pursuant to [Ex parte Bain (1887) 121 US 1, 3]. There is no lawful legitmate legislative act to keep Plaintiff incarcerated, which demands his release from custody forthwith.

As a matter of law, [28 F. Supp. 462; 148 Cal. App. 2d 845], a void order or judgment is subject to collateral attack ANYWHERE, at any time. Therefore, this Honorable Court has a duty to order the Petitioner release from unlawful custody pursuant to [Ex parte Bain, 121 US 1, 3; 154 CA 4th 40, 46].

Verification - I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746 on 9-15-25

Respectfully Submitted
Steven W Bonilla

NO SUBPOENA

NO ADMISSIBLE EVIDENCE

ARREST WARRANT INVALID

NO PROBABLE CAUSE

MALICIOUS PROSECUTION

EXHIBIT A-1

BONILLA

Alameda County - Case No. H-12210-A

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7264
Facsimile: (415) 436-6748
Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

"ADMISSION" to no subpoena

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN W. BONILLA,<br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES DISTRICT ATTORNEY FOR SAN FRANCISCO,<br>Defendants. | No. C 02-0636 MHP (PR)<br><br>**DECLARATION OF DAVID M. HARDY WITH EXHIBITS A-V ATTACHED** |

(28) I have reviewed the Court's Order dated April 25, 2007, and entered April 26, 2007. The Court has ordered defendant "to produce any and all documents within its possession indicating the following:"

> 1) Whether the February 1988 subpoena, a copy of which is attached as Exhibit A to plaintiff's Motion was actually served on Pacific Bell, and if so, by whom and when;
> 2) What documents, if any, were produced by Pacific Bell in response to the subpoena;
> 3) When those documents were produced;
> 4) To whom those documents were produced;
> 5) To whom those documents were then disseminated.

(29) Following issuance of the Court's Order, the FBI began a series of efforts to comply with the Order, and in so doing undertook the following steps, with the following results:

(a) The FBI searched through all of the documents which had previously been scanned in to its FOIPA Document Processing System and processed in response to FOIPA Nos. 922492, 952810 and No. 926721.

RESULT: The FBI was unable to locate the requested February 1988 grand jury subpoena to Pacific Bell among its investigative files – nor any other grand jury subpoena to Pacific Bell with a February 1988 date.

(30) The net result of the FBI's efforts to date is that it is unable to respond to any part of the Court's April 26, 2007 Order, since the FBI's investigative files do not contain either a February 1988 grand jury subpoena or documents produced in response to that subpoena.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through V attached hereto are true and correct copies.

Executed this 9th day of May, 2007.

[signature]

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation

Search and Arrest Warrant Affidavits

Agent Smith provided affiant with information concerning phone tolls for the period of June, 1987, through January, 1988, for telephone numbers 408-725-8079 and 408-446-3850. Agent Smith indicated that these toll records were obtained pursuant to federal grand jury subpoena. Affiant checked the Pacific Bell directory for the Cupertino area and learned that both phone numbers are in the name of Steven Bonilla although no address is given with that information. (Refer to Exhibit K (2 pages) attached hereto.) During that period the phone was in the name of Steven Bonilla at 10200 Miller Avenue, Cupertino, initially and then later to the same person at 10359 Leola Court #2, Cupertino. 408-446-3850 is shown as having "touchtone, commstar, and calling waiting features, while 408-725-8079 is shown as having touchtone, commstar, and call forwarding features.

Phone records obtained for Bonilla's phone (408) 446-3850 show that the following calls were placed:

October 4, 1987, at 8:45 p.m., a 3 minute phone call to Elko, Nevada, (702) 738-8417 (Brad Keyes' home phone), from Silt, Colorado, using a calling card to charge the call to the phone.

Steven Bonilla later admitted in a phone conversation tape recorded and monitored with the consent of Brad Keyes that he had called Keyes from Colorado.

Affiant was advised by FBI Agent Gerald Diedrich about toll records for Cellular One telephone number 408-221-2632. These records were obtained by the FBI under a Federal Grand Jury subpoena. Cellular One records therein

(05/19)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Date: 12/15/2021 Hon. C. Don Clay, Judge

Department 6
Kristi Hereth, Dep.Clk.
Not Reported, Reporter

**IN RE:**

STEVEN WAYNE BONILLA

NATURE OF PROCEEDINGS: PRO SE FILINGS

Case No. **H12210A**
PFN: ASL136
CEN: 8172866

The Petitioner, STEVEN WAYNE BONILLA, is not present.
Counsel for Petitioner, is not present.
Counsel for Respondent, is not present.

The Court has reviewed defendant's Pro Se filings received from Petitioner between September 27, 2021 - December 13, 2021 (Listed on the enclosed Order).

Pursuant to the Court's Order of September 7, 2021, the Clerk of the Court is directed to return said submissions to the Petitioner, un-filed.

The clerk has included a copy of the Court's 9/7/2021 Order for the defendants' reference.

CLERK'S CERTIFICATE OF MAILING
(CCP 1013a)

I certify that the following is true and correct:

I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is: Rene C. Davidson Courthouse 1225 Fallon Street OAKLAND, CA 94612. I served this **Minute Order and Order** by placing copies in envelope(s) addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

√ STEVEN WAYNE BONILLA, J-48500
EY-13
SAN QUENTIN STATE PRISON
San Quentin, CA 94974

People of the State of California
Attn: **Catherine Kobal, DDA**
1225 Fallon Street
Ninth Floor
Oakland, CA 94612

Date: 1/31/2022

Chad Finke, Executive Officer/Clerk of the Superior Court

By *Kristi Hereth*
Kristi Hereth, Deputy Clerk

OFFICE OF THE CLERK
COURT OF APPEAL
[redacted]

Bonilla
CMF
J-48580, T-203
P.O. Box 2000
Vacaville CA 95696

California Department of
Corrections and Rehabilitation

PRIORITY MAIL

US POSTAGE PITNEY BOWES
ZIP 95696 $ 012.65⁰
02 7W
0008032034 SEP 23 2025

RECEIVED
SEP 25 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

US District Court
333 West Broadway, #420
San Diego, CA 92101

T203
4

[redacted]


LEGAL MAIL
RECEIVED